## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | | |
|---|---|---|
| Richard Kough, | ) | |
| | ) | Civil Action No.: 5:18-cv-01706-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Mr. Fowler, Lt. Windham, Capt. Copeland, | ) | |
| and Laura Caldwell, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Richard Kough, who is proceeding *pro se*,[1] brought this action against the above-captioned Defendants alleging they violated his constitutional rights. (*See* ECF No. 1.) This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge ("Report"). (ECF No. 11.) The Report recommended the court dismiss this case because Plaintiff could not prove his rights were violated due to "his classification for custody purposes," and his deficient pleadings could not "be corrected through amendment." (*Id.* at 3, 6.) Plaintiff has objected to the Report. (ECF No. 15.) For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 11) and **DISMISSES** the instant case with prejudice.

Plaintiff, a state inmate, "was placed in the [restrictive housing unit] . . . section of [the prison facility] for 2-3 weeks pending transfer to a different housing unit because of the need for

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

bed space in the different unit."[2]    (*Id.* at 1.) Plaintiff insists "his due process and Eighth Amendment rights were violated when he was placed in" restrictive housing, as he purportedly committed no disciplinary infraction and received no hearing on the transfer. (*Id.*)

In the Report, the Magistrate Judge suggested this case be dismissed because Plaintiff's preference in housing did not amount to a constitutional violation.[3] (*Id.* at 3.) Specifically, the Magistrate Judge observed "it is well settled that an inmate does not have to be subject to a disciplinary conviction to be placed into restrictive housing because the placement of inmates into administrative segregation units or similar units is acceptable as part of the necessities of prison life." (*Id.* at 3-4 (compiling cases).) As Plaintiff's "temporary placement in the [restrictive housing unit] pending transfer to another unit did not violate [his] federally guaranteed constitutional rights," the Magistrate Judge concluded the instant case should be dismissed. (*Id.* at 4.) Lastly, the Magistrate Judge noted such dismissal should be with prejudice because Plaintiff's pleadings could not "be corrected through amendment." (*Id.* at 5.) Thereafter, Plaintiff filed Objections to the Report, briefly reiterating his contention that he should have been afforded due process before being placed in the restrictive housing unit and he was injured because he could not hold a job while housed in that unit. (ECF No. 15.)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final

---

[2] The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.

[3] The Magistrate Judge noted that Plaintiff sought unspecified "injunctive and declaratory relief and damages." (ECF No. 11 at 2.)

determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, the court concludes Plaintiff's objections restate arguments that were adequately addressed by the Report. (*See* ECF No. 11 at 2-5.) Moreover, Plaintiff's objections substantively mirror his previously raised contention that his placement in the restrictive housing unit violated his constitutional rights. (*Compare* ECF No. 1 at 5-6, *with* ECF No. 15.) A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-CV-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). The court finds no clear error on the face of the record and adopts the Report herein. Plaintiff's objections are overruled.

Thus, the court **ACCEPTS** the Report and adopts the findings herein (ECF No. 11) and

**DISMISSES** this case with prejudice.

**IT IS SO ORDERED**.

United States District Judge

April 29, 2021
Columbia, South Carolina